UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TOMMY G. MORGAN, | ) | Case No. 1:05 CV 2872 |
| | ) | |
| Plaintiff, | ) | Judge James S. Gwin |
| | ) | |
| vs. | ) | O R D E R |
| | ) | (Resolving Docket No. 73) |
| NEW YORK LIFE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Following resolution of plaintiff's discovery issues (See Docket Nos. 29, 69), defendant New York Life has moved to compel "adequate and complete" responses to discovery from plaintiff (Docket No. 73). What remains in this action are plaintiff's claims as a former employee of age and reverse sex discrimination under state law.

**Defendant's Request No. 3,** seeks the identities of individuals with whom plaintiff has discussed the "facts or allegations set forth in the Complaint," other than counsel, and the dates of such discussions. Plaintiff expresses work product concerns, which may be valid, but these matters should have been addressed via privilege log. See Fed. R. Civ. P. 26(b)(5). Also the vague incorporation of a "number of individuals previously identified in discovery" is an inadequate response. Plaintiff shall respond in full forthwith, with a privilege log if necessary.

**Defendant's Request No. 8**, seeks tangible evidence of the facts and events delineated in the Complaint. Plaintiff balks claiming attorney-client privilege and work product concerns, but

1:05 CV 2872                                                    2

promises inspection and copying at a mutually agreeable date.  Again plaintiff has failed to comply with the privilege log requirement of Rule 26(b)(5).  Plaintiff shall respond in full forthwith, with a privilege log if necessary.

**Defendant's Request No. 14**, seeks plaintiff's tax returns for 2005 and 2006.  Plaintiff counters that this interrogatory seeks to invade his right to privacy and is subject to the collateral source rule.  Plaintiff is incorrect.  Defendant has a right to produce evidence of mitigation or offset.  See *Patrick v. Painesville Commercial Properties, Inc.*, 123 Ohio App.3d 575, 589-90, 704 N.E.2d 1249 (1997); *Worrell v. Multipress, Inc.*, 445 Ohio St.3d 241, 246-47, 543 N.Ed.2d 1277 (1989); OJI 266.27 (damages in discrimination cases). Production of only plaintiff's W-2 is insufficient if there has been self-employment.  See *Patrick*.  Although in *Patrick* the alternative of bank records production was used, plaintiff has offered no such substitute.  However, the production of federal, state and local tax returns (presumably income tax returns) is redundant, and only copies of federal returns need be produced.  Plaintiff shall produce forthwith copies of his federal income tax returns with all schedules for the years 2005 and any which exist for 2006.

In **Defendant's Request No. 21,**  New York Life asks plaintiff to identify and produce any "New York Life business records" in his custody or control.  New York Life goes on to explain that it has specifically asked plaintiff numerous times to produce his calendar, as recently as the case management conference on August 2, 2006.  New York Life states that the Court directed plaintiff to produce his calendars but New York Life has only received copies of plaintiff's calendars for the years 2003 through 2005.

1:05 CV 2872                                         3

      The undersigned finds that the question on which New York Life seeks production of plaintiff's calendars is vague, as claimed in plaintiff's objection.  This fact is emphasized by New York Life's reliance on the definition of "document" when the question at issue is phrased not in terms of "documents" but in terms of "business records," specifically "New York Life business records."  While New York Life contends that a calendar is a document, this does not answer the question whether a calendar is a "New York Life business record."  The undersigned will not order production of plaintiff's calendar for the years 2001 and 2002 due to the vagueness of New York Life's discovery request.

      IT IS SO ORDERED.

                                                s/James S. Gallas
                                          United States Magistrate Judge

Dated: September 19, 2006